UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DRAUGHN,

Plaintiff,

v.

MICHAEL BOUCHARD, ET AL.,

Defendants.

_____/

Case No. 15-cv-14446

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION [6], DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF
COUNSEL [7], GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES OR COSTS [5], DIRECTING PAYMENT OF AN INITIAL
PARTIAL FILING FEE AND SUBSEQUENT PAYMENTS, AND DIRECTING SERVICE OF
THE COMPLAINT ON DEFENDANT BOUCHARD

I. INTRODUCTION

On December 17, 2015, plaintiff Ronald Mark Draughn ("Plaintiff")

commenced this action by filing a *pro se* complaint under 42 U.S.C. § 1983 (Dkt.

No. 1) and a motion to waive the filing fee for his complaint (Dkt. No. 2). Plaintiff

is a pretrial detainee currently being held at the Oakland County Jail in Pontiac,

Michigan. The defendants are Oakland County Sheriff Michael J. Bouchard and an

unidentified    doctor    and    nurse    who    are    employed    at    the    jail.

Plaintiff alleges in his complaint that the defendants have been deliberately

indifferent to his serious medical needs by depriving him of his prescribed pain

medication.  Plaintiff further alleges that the defendants have forced him to endure unfavorable living conditions. Dkt. No. 1, pp. 4–7. He seeks money damages and injunctive relief for alleged violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. *Id*. at 7–8.

On January 12, 2016, the magistrate judge ordered Plaintiff to prepay the filing fee or to file an application for leave to proceed without prepayment of the fees and costs for this action and a certified statement of Plaintiff's trust fund account or institutional equivalent. In response, Plaintiff filed (1) an application to proceed without prepaying fees or costs, (2) a motion for reconsideration of the magistrate judge's deficiency order, and (3) a motion for appointment of counsel.

## II. DISCUSSION

### A. THE MOTION FOR RECONSIDERATION

In his motion for reconsideration, Plaintiff seeks to have the Court vacate the magistrate judge's deficiency order. Plaintiff has already partially complied with the magistrate judge's order by completing and filing an application to proceed without prepayment of fees or costs. Dkt. No. 5. He claims, however, that he is not a prisoner and that application of the Prison Litigation Reform Act of 1996 (PLRA) to his case would be discriminatory and a violation of his right to due

process as a free citizen. The Court therefore construes Plaintiff's motion to seek relief from the filing fee provisions of the PLRA.

Under the PLRA, "if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). For an inmate seeking pauper status, "the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997). "By filing the complaint, the prisoner waives any objection to the fee assessment by the district court. Furthermore, the prisoner waives any objection to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs." *Id.* at 1132.

Plaintiff contends that he is not subject to the requirements of the PLRA because he is a pretrial detainee and has not been convicted of a crime. Dkt. No. 6, p. 1. But the term "prisoner" in the PLRA and *in forma pauperis* statutes, "means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); 28 U.S.C. § 1915A(c); 42 U.S.C. § 1997e(h). In short, "[p]retrial

-4-

detainees are 'prisoners' for purposes of the PLRA because they are in custody while 'accused of . . . violations of criminal law." *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004). The Court therefore rejects Plaintiff's argument and holds that the fee provisions of the PLRA apply to him.

Accordingly, IT IS ORDERED that Plaintiff's motion for reconsideration (Dkt. No. 6) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's application to proceed without prepayment of fees or costs (Dkt. No. 5) is **GRANTED**.

### B. THE MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks to have the Court appoint counsel to represent him in this case. He alleges that counsel is needed in the interest of justice and for the effective prosecution of his case. Dkt. No. 7, p. 1.

"The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances. To determine whether these exceptional circumstances exist, courts typically consider the type of case and the ability of the plaintiff to represent himself." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (quotation marks and citations omitted). Plaintiff has ably represented himself thus far, and his case is not complex. Therefore, the interests of justice do not require appointment of counsel at this time.

Accordingly, IT IS ORDERED that Plaintiff's motion for appointment of counsel (Dkt. No. 7) is **DENIED** without prejudice.

### C.  ORDER DIRECTING PAYMENT

Although Plaintiff has not filed a certified statement of his trust fund account at the jail, he has completed and filed an application to proceed without prepayment of the fees and costs for this action, and the application indicates that he is indigent. In light of the Court's ruling that the fee provisions of the PLRA apply to Plaintiff, the Court must assess and, if funds exist, collect an initial partial filing fee consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to Plaintiff's trust fund account at the jail, or (2) the average monthly balance in Plaintiff's account for the preceding six months.  28 U.S.C. § 1915(b)(1). After Plaintiff pays the initial partial filing fee, he must make monthly payments of twenty percent (20%) of the preceding month's income credited to his account at the jail. 28 U.S.C. § 1915(b)(2).

Accordingly, IT IS ORDERED that the Oakland County Jail shall: (1) withdraw or set aside an initial partial filing fee from Plaintiff's trust fund account at the jail; (2) forward this amount to the Clerk of this Court within thirty (30) days of the date of this order; and (3) in subsequent months, or from time to time, forward to the Clerk of the Court twenty percent (20%) of the preceding month's

income credited to Plaintiff's account until Plaintiff has paid the entire filing fee of $350.00. The Court will notify the jail when Plaintiff has paid the entire filing fee.

### D.  ORDER DIRECTING SERVICE OF THE COMPLAINT

Given Plaintiff's indigence, the Court ORDERS the United States Marshal to serve the appropriate papers in this case on defendant Michael J. Bouchard at the Oakland County Sheriff's Office, 1201 North Telegraph Road, Pontiac, MI 48343, without prepayment of the costs for such service.[1] The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

The Court ORDERS Plaintiff to serve a copy of all future documents on the defendant(s) or on defense counsel if legal counsel represents the defendant(s). Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff mailed a copy of the original document to the defendants or to defense counsel. The Court will disregard any paper received by a district judge or a magistrate judge if the paper has not been filed with the Clerk of this Court or if it fails to include a certificate of service.

IT IS SO ORDERED.

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

Dated:  February 18, 2016

---

[1] The Court is directing service of the complaint on Sheriff Bouchard only because Plaintiff has not provided the names for the doctor and nurse that he is suing.

-7-