UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DRAUGHN,                                Case No. 15-14446

              Plaintiff,                       Gershwin A. Drain
v.                                             United States District Judge

MICHAEL BOUCHARD, *et al*,                     Stephanie Dawkins Davis
                                               United States Magistrate Judge

              Defendants.
_____/

**REPORT AND RECOMMENDATION**
**MOTIONS TO DISMISS (Dkt. 28, 35) and MOTION TO COMPEL (Dkt. 32)**

## I.     PROCEDURAL HISTORY

Plaintiff, a prisoner currently in the custody of the Michigan Department of

Corrections, filed this civil rights lawsuit on December 17, 2015.  (Dkt. 1).

Plaintiff was in the custody of the Oakland County Sheriff at the time of the events

giving rise to his complaint.  *Id*.  On March 10, 2016, District Judge Gershwin A.

Drain referred this matter to the undersigned for all pretrial proceedings.  (Dkt.

12).  On May 19, 2016, defendant Michael Bouchard filed a motion to dismiss the

complaint.  (Dkt. 28).  On September 12, 2016, because plaintiff failed to respond

to the motion as ordered, the Court issued a show cause order.  (Dkt. 30, 36).

Defendant Bouchard also filed a motion to dismiss the complaint under Rule

41(b).  (Dkt. 35).[1]  Plaintiff filed a response to the show cause order, indicating that he had not received copies of the motion to dismiss or the order requiring a response, most likely because of his transfer from the Oakland County Jail to the Reception & Guidance Center in Jackson, Michigan.  (Dkt. 40).  Based on plaintiff's response, the Court issued an order requiring a response to the motion to dismiss by January 3, 2017, and forwarded a copy of defendant Bouchard's first motion to dismiss.  (Dkt. 48).  On January 5, 2017, plaintiff filed a response to the motion to dismiss.  (Dkt. 52).  Defendant filed a reply on January 17, 2017.  (Dkt. 59).  Bouchard also filed a motion to compel discovery from plaintiff.  (Dkt. 32). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant Bouchard's motion to dismiss be **GRANTED** in part and **DENIED** in part, that his motion to dismiss under Rule 41(b) be **DENIED** as moot, and that his motion to compel be **GRANTED**.

## II.    FACTUAL BACKGROUND

According to the complaint, plaintiff was arrested by the Oak Park police department on November 8, 2015.  At that time, plaintiff says he suffered from

---

[1]  In his reply in support of the motion to dismiss under Rule 41(b), Bouchard points out that plaintiff's response to the show cause order was due on January 3, 2017, but was not filed until January 5, 2017.  (Dkt. 58).  The undersigned is not inclined to penalize a *pro se* plaintiff with dismissal based on a two day delay.  There is no demonstrable prejudice to Bouchard in proceeding with addressing the first motion to dismiss on the merits.

several preexisting injuries for which he was receiving ongoing treatment. While at the Oak Park police station, plaintiff claims he informed booking staff that he suffered from two herniated discs, severe osteoarthritis and a degenerative bone disease in his knees, feet, spine, and other parts of his body. Plaintiff also alleges that he suffers from high blood pressure, hypertension and other related illnesses. He states that he told the booking officer that he was on medication for these illnesses and that he would suffer great pain, a worsening of his condition, and the possibility of death if he did not receive his prescribed medications. Plaintiff further complains that the booking officer told him that he would have to wait three days, until he was arraigned and transported to the Oakland County Jail to receive medical treatment and medication. At the Oak Park facility, plaintiff also says that he was forced to sleep on the concrete floor for three days, despite his severe injuries and pleas for medication.

Plaintiff was transferred to the Oakland County Jail on November 11, 2015 and placed in a "holding cell/bullpen" with at least 50 other detainees and was again forced to sleep on the concrete floor for two or three additional days. Plaintiff asserts that on arrival at the Oakland County Jail, he informed several deputies that he was ill and had not taken his prescribed medications in over three days. Apparently, plaintiff was informed that he could kite medical staff once he was moved from the holding cell to an upstairs cell in approximately three to

seven days.  Plaintiff says he was forced to sleep on the concrete floor in the holding cell for three additional days and was subjected to an infestation of cockroaches and mice crawling on him during that time.  When he complained about the infestation, he was told that he would be moved upstairs after a few days.

On November 14, 2015, plaintiff was moved from the holding cell to a ten man cell and was told that he had to sleep on the floor with a thin mattress as a bunk. Plaintiff told deputies that he was in terrible pain and had not yet received his medications for almost a week.  The next day, plaintiff was called out to the jail healthcare station where he was told by the nurse that he could not be given his pain medications because the jail had banned those particular medications.

On Friday, December 11, 2015, plaintiff was again called out to healthcare services where a physician told him the medical services contractor had a policy of forbidding any of the medications prescribed by his physician.  Plaintiff alleges that he has filed numerous grievances, which have either been destroyed by jail staff or gone unanswered.  As to defendant Bouchard, plaintiff alleges that he is the "supervising sheriff" of the facility where he was housed and the deputies and medical staff are following his express directives, policies, and orders, which have deprived plaintiff of his constitutional rights.

## III.   DISCUSSION

### A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted)).  And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to

5

relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation."  *U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) (citations and internal quotation marks omitted).  The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (citation omitted).  Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se*

6

complaint at issue.).

   B.   The Parties' Arguments

Defendant Bouchard makes several arguments in his motion to dismiss.

First, he contends that plaintiff failed to exhaust his administrative remedies.

Second, he claims that plaintiff's claims are barred by 42 U.S.C. § 1997e(e)'s

requirement that plaintiff allege a physical injury.  Third, defendant argues that he

is entitled to qualified immunity as to any personal capacity claims and that any

official capacity claims are barred by plaintiff's failure to identify any alleged

unconstitutional pattern, practice, or policy.  Finally, defendant Bouchard argues

that plaintiff's claim under 42 U.S.C. § 1985(3) is devoid of any supporting facts

and is barred by the intracorporate conspiracy doctrine.

In response, plaintiff asserts that he attempted to exhaust his administrative

remedies, but was not permitted to do so by defendants.  Thus, he says no

administrative remedies were available to exhaust.  Next, plaintiff contends that

his complaint does assert a physical injury caused by defendants unconstitutional

actions and refers to his affidavit in support.  Plaintiff also argues that Bouchard is

not entitled to qualified immunity because he was employed as the Sheriff and was

in charge of the jail.  Plaintiff claims that Bouchard should have known about the

inhumane conditions at the jail.  According to plaintiff, it is well-established that a

prisoner has a constitutional right to not sleep on the floor or be deprived of clean

linens and clothing, or be subject to filthy, infested cell conditions. Plaintiff claims in his response that he contracted MRSA (a bacterial infection) while housed in the jail due to the inhumane conditions. As to Bouchard's claim that plaintiff has not asserted a pattern, practice, or policy, plaintiff responds that defendants have a "general policy" of denying prisoners medications needed for treatment. Plaintiff also says that because he is seeking an injunction, this defense does not apply. Plaintiff next contends that this is not a case of mere difference of opinion about appropriate treatment, but rather one in which defendants used substandard treatment as a pretext to cover up an unconstitutional policy of denying him necessary medication. Finally, as to Bouchard's arguments regarding his § 1985 and retaliation claims, plaintiff asserts that his complaint clearly states that defendants worked in a concerted effort to deprive him of his rights to medical treatment and to intimidate plaintiff for filing grievances against health care staff.

C.    Analysis and Conclusions

1.    Exhaustion of administrative remedies

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a)'s "exhaustion requirement applies to all prisoners seeking redress for prison

8

circumstances or occurrences." *Porter v. Nussle,* 534 U.S. 516, 520 (2002).

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. In *Jones v. Bock,* 549 U.S. 199 (2007), the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones,* 549 U.S. at 216. "Compliance with prison grievance procedures ... is all that is required by the PLRA to 'properly exhaust.'" *Jones,* 549 U.S. at 218. "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 n. 6 (2001). "[P]roper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

In *Jones v. Bock*, the Supreme Court also held that the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. *Jones*, 549 U.S. at 218. Accordingly, exhaustion is satisfied if plaintiff complied with the applicable grievance procedure and defendants bear the burden of showing otherwise. *Kramer v. Wilkinson*, 226 Fed.Appx. 461, 462 (6th Cir. 2007) (A prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may

serve as a basis for dismissal only if raised and proven by the defendants.").

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden–the plaintiff on a claim for relief or the defendant on an affirmative defense–his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized repeatedly that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Here, defendant Bouchard bears the burden of proof on his affirmative defense of failure to exhaust administrative remedies.

In this case, there is a dispute regarding whether plaintiff exhausted his administrative remedies. Indeed, where administrative remedies have effectively been rendered unavailable, a prisoner may be excused from pursuing them to completion. In *Ross v. Blake*, 136 S.Ct. 1850, 1858-59 (2016), the Supreme Court concluded that if the prisoner is effectively barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required. Specifically, the Court articulated three scenarios

10

under which a prison's grievance procedures may be rendered unavailable:

> As relevant here, there are three kinds of circumstances
> in which an administrative remedy, although officially
> on the books, is not capable of use to obtain relief.
> First, an administrative procedure is unavailable when it
> operates as a simple dead end—with officers unable or
> consistently unwilling to provide any relief to aggrieved
> inmates.  Next, an administrative scheme might be so
> opaque that it becomes, practically speaking, incapable
> of use—i.e., some mechanism exists to provide relief,
> but no ordinary prisoner can navigate it.  And finally, a
> grievance process is rendered unavailable when prison
> administrators thwart inmates from taking advantage of
> it through machination, misrepresentation, or
> intimidation.

*Id*. at 1858-1860.

Before undertaking the *Ross* analysis in this case, the undersigned must first

point out that Bouchard brought a motion to dismiss, not a motion for summary

judgment.  Thus, while Bouchard has attached materials to his motion to dismiss

which fall outside the four corners of plaintiff's complaint, the undersigned

concludes that those materials cannot be considered here.  As Judge Lawson

recently explained in *Anderson v. Jutzy*, 175 F.Supp.3d 781 (E.D. Mich. 2016),

because a plaintiff need not anticipate or plead around an exhaustion defense, that

defense usually may not be addressed in a motion under Rule 12(b)(6) for failure

to state a claim.  *Id*. at 786 (citing *Jones*, 549 U.S. at 215).  Judge Lawson further

explains that in the "rare case in which the plaintiff includes allegations in his

11

complaint that permit adjudication of an exhaustion defense, a defendant may resort to a motion to dismiss under Rule 12(b)(6)." *Id*. at 787 (citing *Rembisz v. Lew*, 590 Fed. Appx. 501, 504 (6th Cir. 2014) (acknowledging that the exhaustion defense may be "susceptible to resolution on a motion to dismiss if a plaintiff affirmatively pleads himself out of court") (citing *Jones*, 549 U.S. at 215)). Rather, the exhaustion affirmative defense is more appropriately raised by a motion for summary judgment if the defendant successfully demonstrates that no genuine issue of material fact exists and the defendant is entitled to judgment as a matter of law on that defense. *Id*. at 787 (citing *Goad v. Mitchell*, 297 F.3d 497, 504-05 (6th Cir. 2002); *Rembisz*, 590 Fed.Appx. at 504; *LaFountain v. Martin*, 334 Fed.Appx. 738, 740 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)).

Judge Lawson also points out that if material fact issues preclude summary judgment, the exhaustion defense may be tried to the Court under Rule 52(a)(1). *Id*. at 787 (citing *Palmer v. Flore*, 3 F.Supp.3d 632, 636 (E.D. Mich. 2014). As explained in *Anderson*, summary judgment is "especially well suited to pretrial adjudication of an exhaustion defense, because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence." *Id*. at 787 (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir.2010) (holding that when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be

treated as a motion "for summary judgment under Rule 56") (quoting Fed.R.Civ.P.

12(d)).  However, in order for the Court to treat a Rule 12(b)(6) motion as one for

summary judgment, "[a]ll parties must be given a reasonable opportunity to

present all the material that is pertinent to the motion."  Fed.R.Civ.P. 12(d).  Here,

that has not been done.  Indeed, even if the Court considers all the materials on the

docket, which includes affidavits, Bouchard has not addressed plaintiff's

allegations or briefed the issues presented in *Ross*, given that *Ross* was not

released until June 2, 2016, just weeks after Bouchard filed his motion to dismiss.

Based on the foregoing, the undersigned recommends denying Bouchard's motion

to dismiss without prejudice and suggests that Bouchard must file a motion for

summary judgment in order to properly and completely put this issue before the

Court.

       2.    Section 1997e(e)

     Title 42 U.S.C. § Section 1997e(e) states, "[n]o Federal civil action may be

brought by a prisoner confined in a jail, prison, or other correctional facility, for

mental or emotional injury suffered while in custody without a prior showing of

physical injury.... " Thus, absent physical injury, a plaintiff's claim for emotional

injuries is barred by § 1997e(e), which precludes any claim by a prisoner "for

mental or emotional injury suffered while in custody without a prior showing of

physical injury."  *Watters v. Beebe*, 2017 WL 82600, at *2 (W.D. Mich. Jan. 10,

2017); *see also Hardin-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008). The "physical injury required by § 1997e(e) need not be significant, but it must be more than *de minimis*." *Rhinehart v. Edelman*, 2016 WL 2733760, at *12 (E.D. Mich. Apr. 7, 2016), report and recommendation adopted, 2016 WL 7209287 (E.D. Mich. Dec. 13, 2016) (citing *Jarriett v. Wilson*, 162 Fed. Appx. 394, 400 (6th Cir. 2005)). This case is similar to that in *Rhinehart*, where the court concluded that the plaintiff's alleged injuries of untreated pain was sufficient to overcome the *de minimis* hurdle. *Id*. at *12. Thus, the undersigned recommends that Bouchard's motion to dismiss on this basis be denied.

### 3.    Individual capacity suit

The Supreme Court has made it clear that liability in a § 1983 action cannot be based on a theory of *respondeat superior*. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Thus, "[t]o recover damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's *personal responsibility* for the claimed deprivation of a constitutional right." *Broder v. Corr. Med. Servs., Inc.*, 2008 WL 704229, at *7 (E.D. Mich. Mar. 14, 2008) (emphasis added, quoting *Diebitz v. Arreola*, 834 F.Supp.298, 304 (E.D. Wis. 1993)). In other words, in order to state a claim under § 1983, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was *personally involved* in the deprivation of his civil rights. Liability under § 1983 must be based on the

14

*personal involvement* of the defendant." *Id.* (emphasis added, internal quotations and citations omitted); *see also Rizzo v. Goode*, 423 U.S. 362, 372-73 (1976) (liability under § 1983 is predicated upon an affirmative link or connection between the defendant's actions and the claimed deprivations).

Plaintiff has not pled any facts showing that defendant Bouchard was personally involved in the alleged deprivation of his civil rights. As explained above, to state a claim under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added); *Baker v. Noronha*, 2013 WL 1720803, *3 (E.D. Mich. Feb. 27, 2013), report and recommendation adopted, 2013 WL 1720899 (E.D. Mich. Apr. 22, 2013). Plaintiff's allegations fail to plead that defendant Bouchard engaged in any active unconstitutional behavior. Plaintiff's allegation that Bouchard is the "supervising sheriff" of the facility where he was housed and that the deputies and medical staff were following his express directives, policies, and orders, which have deprived plaintiff of his constitutional rights is insufficient to state claim because "[l]iability cannot be based solely on the right to control employees," *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), and simply failing to act after learning of a subordinate's unconstitutional conduct will not impose liability upon a supervisory official. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

15

Rather, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way *directly participated in it.*" *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (emphasis added). Accordingly, since plaintiff does not claim that defendant Bouchard was personally involved in any of the alleged constitutional violations, he has failed to state a claim against Bouchard in his personal capacity, and those claims should be dismissed with prejudice.

### 4.    Official capacity suit

A lawsuit against a county sheriff in his or her official capacity "is nothing more than a suit against" the county itself. *Nallani v. Wayne Cty.*, 2016 WL 7241400, at *11 (6th Cir. Dec. 15, 2016) (quoting *Petty v. Cty. of Franklin*, 478 F.3d 341, 349 (6th Cir. 2007)). Official capacity suits brought under § 1983 "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166. Unlike individual capacity claims, "official capacity claims do not falter on a defendant's lack of personal involvement." *Alame v. Smetka*, 2009 WL 236073, at *5 (E.D. Mich. Jan. 29,

2009) (citing *Graham*, 473 U.S. at 165-66; *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989)).  A governmental entity is liable under § 1983 when "the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id*. (internal citations omitted).

Bouchard asserts that plaintiff has not identified any unconstitutional policies in his complaint.  However, plaintiff's complaint alleges that he was told by the nurse that he could not be given his pain medications because the jail had banned those particular medications.  Plaintiff also alleges that a physician told him the medical services contractor had a policy of forbidding any of the medications prescribed by his physician.  Plaintiff complains that the statements and actions concerning his medications showed deliberate indifference to his serious medical needs in violation of the Eight Amendment.  Bouchard has not cited any case law suggesting that such a policy is or is not constitutional on its face.  *Treesh v. Taft*, 122 F.Supp.2d 881, 883 (S.D. Ohio 2000) ("A facial attack merely questions the sufficiency of the pleadings. In reviewing a facial attack, the Court applies the same standard applicable to Rule 12(b)(6) motions."). Thus, it appears to the undersigned that plaintiff's complaint has identified an allegedly unconstitutional policy and nothing more is required at this early pleading stage. *See Lowden v. Cty. of Clare*, 709 F.Supp.2d 540, 568 (E.D. Mich. 2010) (Denying

17

motion to dismiss where based on "the reasonable inferences that can be drawn from the facts alleged in the complaint, it is plausible that Plaintiffs may be able to develop facts to demonstrate the actual existence of a municipal policy."). Based on the foregoing, the undersigned recommends that Bouchard's motion to dismiss the official capacity claim under § 1983 be denied.

     5.     Claims under § 1985

To state a claim for conspiracy to violate civil rights under § 1985(3), a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any rights or privileges of a citizen of the United States. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994); *see also Moniz v. Cox*, 512 Fed.Appx. 495 (6th Cir. 2013). Furthermore, the plaintiff must allege that the conspiracy was motivated by racial or other class-based invidiously discriminatory animus. *Johnson*, 40 F.3d at 839. "[C]onspiracy claims must be pled with some degree of specificity and ... vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). Plaintiff's complaint in the present case

18

is inadequate for the task.

The instant complaint suffers from some of the same deficiencies as the complaint deemed insufficient under Rule 12(b)(6) in *Easterling v. Rudduck*, 2015 WL 1567844, at *6 (S.D. Ohio Apr. 6, 2015), report and recommendation adopted, 2015 WL 2452437 (S.D. Ohio May 21, 2015). In *Easterling*, the court observed that the "complaint fails to allege any specific dates, times, or locations regarding defendant's purported conspiratorial acts" and the allegations were "conclusory and unsupported by specific facts." The plaintiff in that case complained of a state court judge's ruling that he had engaged in vexatious litigation - a ruling which had lead to an award of monetary damages against the plaintiff in favor of the opposing party in the state court litigation. Rather than pleading specific facts, including dates, times and locations of conspiratorial acts to support his § 1985 claims, the *Easterling* plaintiff pointed to documents he had attached to his complaint for proof that the judge had conspired with the opposing party in the state court action to violate his constitutional rights. *Id*. at *6. The court there concluded that plaintiff failed to state a claim as the plaintiff's vague allegations were "conclusory and unsupported by any specific facts." *Id.*

Plaintiff's allegations in the instant complaint are equally if not more vague than those set forth in *Easterling,* and thus fail to state a § 1985(3) conspiracy claim or to survive a Rule 12(b)(6) challenge. *See Center for Bio–Ethical Reform,*

19

*Inc.*, 477 F.3d at 832.  While plaintiff recites a succession of actions taken by various individuals during the relevant time period, he fails to assert even one conspiratorial act or action(s) taken in concert or collusion by any of the defendants at all, let alone any dates, times or locations of the same.  Moreover, plaintiff has not alleged the racial or class-based animus necessary to support a conspiracy claim under § 1985.  *See Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) (a plaintiff must allege that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus") (citations omitted); *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999) (same).  The undersigned therefore finds that plaintiff has failed to state a claim for relief under 42 U.S.C. § 1985(3).  Accordingly, plaintiff's complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a legally cognizable claim.

> 6.  Motion to compel

Bouchard requested plaintiff to sign a authorization for release of medical records.  (Dkt. 32-1).  Plaintiff did not do so in a timely fashion, thus necessitating a motion to compel.  Plaintiff responded by indicating that he never received the initial request but followed up with a signed release.  In reply, Bouchard says that plaintiff does not adequately explain the delay and asserts that the authorization signed by plaintiff is insufficient because it is not notarized.  Under the

20

circumstances of this case, the undersigned finds that no sanctions are warranted, but directs plaintiff to serve a signed and notarized release for medical records to Bouchard's counsel within 21 days of entry of this report and recommendation. Failure to do so could result in sanctions.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant Bouchard's motion to dismiss be **GRANTED** in part, that his motion to dismiss under Rule 41(b) be **DENIED** as moot, and that the motion to compel discovery be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local

Rule 72.1(d).  The response must specifically address each issue raised in the

objections, in the same order, and labeled as "Response to Objection No. 1,"

"Response to Objection No. 2," etc.  If the Court determines that any objections

are without merit, it may rule without awaiting the response.

Date: February 15, 2017                  s/Stephanie Dawkins Davis
                                         Stephanie Dawkins Davis
                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 15, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Ronald Draughn #182621, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

                                         s/Tammy Hallwood
                                         Case Manager
                                         (810) 341-7887
                                         tammy_hallwood@mied.uscourts.gov