UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R‌ONALD D‌RAUGHN,

Plaintiff,

v.

M‌ICHAEL B‌OUCHARD, ET AL.,

Defendants.
_____/

Case No. 15-cv-14446

U‌NITED S‌TATES D‌ISTRICT C‌OURT J‌UDGE
G‌ERSHWIN A. D‌RAIN

U‌NITED S‌TATES M‌AGISTRATE J‌UDGE
S‌TEPHANIE D‌AWKINS D‌AVIS

**O‌PINION A‌ND O‌RDER O‌VERRULING P‌LAINTIFF'S O‌BJECTIONS T‌O R‌EPORT A‌ND R‌ECOMMENDATION [71], O‌VERRULING IN P‌ART AND S‌USTAINING IN P‌ART D‌EFENDANT'S O‌BJECTIONS TO THE R‌EPORT AND R‌ECOMMENDATION [66, 67], A‌CCEPTING M‌AGISTRATE J‌UDGE D‌AWKINS D‌AVIS'S R‌ECOMMENDATION [65], G‌RANTING I‌N P‌ART A‌ND D‌ENYING I‌N P‌ART D‌EFENDANT'S M‌OTION TO D‌ISMISS P‌URSUANT TO R‌ULE 12(B)(6) [28], G‌RANTING D‌EFENDANT'S M‌OTION TO C‌OMPEL [32], A‌ND D‌ENYING D‌EFENDANT'S M‌OTION TO D‌ISMISS UNDER R‌ULE 41(B) [35] AS M‌OOT**

**I. I‌NTRODUCTION**

This matter is before the court on Defendant Michael Bouchard's Motions to Dismiss [28, 35] and Motion to Compel [32]. Defendant Bouchard moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b), as well as to compel Plaintiff Ronald Mark Draughn to provide discovery. See Dkt. Nos. 28, 32, 35.

Magistrate Judge Stephanie Dawkins Davis issued a Report and Recommendation that Defendant Bouchard's Motion to Dismiss under Rule

12(b)(6) be granted in part and denied in part, that his Motion to Dismiss under Rule 41(b) be denied as moot, and that his Motion to Compel be granted. Dkt. No. 65. Both Defendant Bouchard and Plaintiff objected to Magistrate Dawkins Davis's recommendation. *See* Dkt. Nos. 66–67, 71.

After reviewing the record, and the arguments put forth by the parties, the Court will overrule the parties objections and **ACCEPT** Magistrate Judge Dawkins Davis's Recommendation [65], **GRANT** in part and **DENY** in part Defendant Bouchard's Motion to Dismiss under Rule 12(b)(6) [28], **GRANT** Defendant Bouchard's Motion to Compel [32], and **DENY** as moot Defendant Bouchard's Motion to Dismiss under Rule 41(b) [35].

## II. BACKGROUND

On November 8th, 2015, the Oak Park police arrested Plaintiff. Dkt. No. 1, p. 3 (Pg. ID 3). Plaintiff alleges that at the time of his arrest, he was suffering from several prior injuries for which he was undergoing active treatment. *Id*. He claims that he informed booking staff at the Oak Park police station that he suffered from two herniated discs, severe osteoarthritis, and degenerative bone disease in his knees, feet, spine, and other parts of his body. *Id*. at 3–4. He alleges that he also suffers from hypertension and other illnesses. *Id*. at 4.

Plaintiff states that he informed the booking officer that he was on medication for his illnesses and would suffer pain, a worsening of his condition,

and possibly death if he did not receive his prescribed medications. *Id*. He alleges that the booking officer stated that Plaintiff would need to wait three days, until his arraignment and transportation to Oakland County Jail to receive medical treatment and medication. *Id*. At the Oak Park facility, Plaintiff claims he was forced to sleep on the concrete floor for three days. *Id*.

On November 11, 2015, Plaintiff was transferred to the Oakland County Jail, where he again had to sleep on the concrete floor for two or three additional days in a "holding cell/bullpen." *Id*. Plaintiff alleges that he informed several deputies at the Oakland County Jail that he was ill and had not taken his prescribed medications in three days. *Id*. at 4–5. He states that he was told he could submit a written "kite" to medical staff once he was moved from the holding cell to an upstairs cell in approximately three to seven days. *Id*. at 5.

Plaintiff states that cockroaches and mice crawled on him while he was sleeping on the concrete floor of the holding cell for the following three days. *Id*. When he complained, Plaintiff alleges he was told that he would be moved upstairs in a few days. *Id*.

On November 14, 2015, Plaintiff was moved from the holding cell to a ten-man cell upstairs. *Id*. He claims that he was told he had to sleep on the floor on a thin mattress. *Id*. Plaintiff alleges he informed the deputies that he was in pain and had not received his medication in nearly a week. *Id*.

On November 15, 2015, Plaintiff was called to the jail healthcare station where he was allegedly told by a nurse that he could not be given his pain medications because the jail had a policy banning those specific medications. *Id*. at 5–6. On Friday, December 11, 2015, Plaintiff was again called out to the jail healthcare station, where a physician allegedly told him the medical services contractor had a policy of forbidding any of the medications prescribed by his physician. *Id*. at 6.

On July 14, 2016, an Oakland County jury found Plaintiff guilty of felonious assault and four weapons charges from an offense that took place on November 8, 2015. *People v. Draughn*, No. 2015–256768 (Oakland Cnty. Cir. Ct. July 14, 2016) (unpublished). Plaintiff was sentenced on September 1, 2016 and is currently incarcerated at Lakeland Correctional Facility. *See* Offender Tracking Information System (OTIS) at http://mdocweb.state.mi.us/OTIS2/otis2.html.[1]

Plaintiff claims he filed numerous grievances while in jail, which have either been destroyed by jail staff or gone unanswered. Dkt. No. 1, p. 6 (Pg. ID. 6). Plaintiff argues that defendants have shown deliberate indifference to his medical needs, have permitted a vermin infestation in his cell, and denied him hygiene products and changes of clothing. *Id*. Plaintiff alleges that Defendant Bouchard is

---

[1] The Court is permitted to take judicial notice of the Michigan Department of Corrections' Offender Tracking Information System (OTIS). *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

the "supervising sheriff" of the facility where he was housed and the deputies and medical staff are following his express directives, policies, and orders, which have deprived plaintiff of his constitutional rights. *Id.* at 7.

### III. LEGAL STANDARD

When a party files timely objections to a report and recommendation, the Court must "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "This de novo review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part." *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015) (citing 28 U.S.C. § 636(b)(1)).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)) (alteration in original).

## IV. DISCUSSION

### A. Defendant's Objections

#### i. The Magistrate's refusal to consider Plaintiff's grievance records frustrates the purpose of the PLRA

Defendant's first objection relates to the Magistrate's determination that the exhibits attached to Defendant's Motion to Dismiss should not be considered in light of the Rule 12(b)(6) standard. [cite]. The Sixth Circuit has stated, that "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Magistrate Dawkins Davis determined in reliance on *Jones v. Bock*, 549 U.S. 199, 216 (2007) that Plaintiff was not required to demonstrate he had exhausted his administrative remedies in his complaint. Dkt. No. 65, p .11 (Pg. ID 496).

Rather, "a prisoner's failure to exhaust administrative remedies is an affirmative defense, which a defendant must plead and prove." *Anderson v. Jutzy*,

175 F. Supp. 3d 781, 786 (E.D. Mich. 2016) (citing *Jones*, 549 U.S. at 216). This affirmative defense may be raised by a motion for summary judgment if the defendant successfully demonstrates that no genuine issue of material fact exists and the defendant is entitled to judgment as a matter of law on that defense. *Id*. at 787.

Plaintiff has alleged that Defendants have not submitted to the Court all of the grievances that he filed concerning his claims. *See* Dkt. No. 52. The Court will not make a determination regarding exhaustion of administrative remedies on a Rule 12(b)(6) motion containing what is alleged to be an incomplete record. *See Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) ("Further, in general a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned."). The Court lacks evidence that definitively proves that the grievances Defendant attached are the complete and accurate record of all grievances he filed on these issues. Further discovery may elucidate whether Plaintiff filed grievances other than those attached to the 12(b)(6) motion and whether jail staff took any action that prevented Plaintiff from exhausting his administrative remedies. Defendant is free to reassert this affirmative defense on summary judgment.

The Court overrules Defendant Bouchard's first objection.

### ii. Undertaking the *Ross* analysis is unnecessary if Plaintiff's grievance records are considered

This second objection essentially reiterates Defendant's prior objection to the Magistrate's refusal to consider evidence outside of the Complaint on a Rule 12(b)(6) motion. The Court agrees with Magistrate Dawkins Davis that the parties did not have an opportunity to brief the issues that the Supreme Court raised in *Ross v. Blake*, 136 S. Ct. 1850 (2016), and that those issues would be better addressed in a motion for summary judgment.

Accordingly, the Court overrules Defendant Bouchard's second objection.

### iii. The Magistrate did not address Plaintiff's complaints regarding jail conditions

Defendant Bouchard's third objection argues that the Magistrate failed to address Plaintiff's claims regarding jail conditions within the evaluation of the official capacity claim, citing only his medical claim. Dkt. No. 67, p. 9 (Pg. ID 525).

The Eighth Amendment can be violated by conditions of confinement in a jail when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,' " and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's Complaint mentions a policy or custom prohibiting him from accessing pain medications prescribed by his former physician. Dkt. No. 1, p. 6 (Pg. ID 6). Plaintiff's Complaint lacks similar allegations regarding a policy or custom as to the jail conditions. Plaintiff alleges that while sleeping on the floor of the holding cell, mice and cockroaches crawled over him and into his clothing. *Id*. at 5. He does not allege that the problem continued when he was moved upstairs to a different cell. *See id*. He does not allege that Defendant Bouchard instituted any policies or customs regarding the vermin infestation. Plaintiff briefly mentions that he was denied hygiene products and a change of clothing, *id*. at 6, but similarly does not allege that this was the result of a custom or policy. Thus, Plaintiff has not pled that Defendant Bouchard had a policy or custom that resulted in a violation of Plaintiff's constitutional rights regarding the condition of his confinement, other from the medication policy.

The Court will sustain Defendant Bouchard's third objection, and dismiss any official capacity claims against Bouchard related to the jail conditions without prejudice.

### B. Plaintiff's Objections

#### i. Plaintiff wants to pursue discovery to establish individual capacity claims against Defendant Bouchard

In his first objection, Plaintiff argues that the Magistrate erred in finding that his individual capacity claims against Defendant Bouchard should be dismissed.

Dkt. No. 71, p. 2 (Pg. ID 564). Plaintiff cites to three opinions from other circuits for the principle that he should be allowed to pursue limited discovery to establish the factual predicates of his claim against Defendant Bouchard. *Id.*

Review of Plaintiff's Complaint verifies that the Magistrate was correct in determining that Plaintiff has not pled any facts showing that Defendant Bouchard was personally involved in the deprivation of Plaintiff's civil rights. Dkt. No. 65, p. 15 (Pg. ID 500). Plaintiff's allegations rest on the fact that Defendant Bouchard was the supervising sheriff of Oakland County, and that staff members were following his "express directives, policies, and orders of this defendant in depriving [P]laintiff of his constitutional rights." Dkt. No. 1, p. 7 (Pg. ID 7). Plaintiff's broad and conclusory allegation that Defendant personally directed and promulgated unconstitutional policies does not include facts indicative of direct participation or encouragement that is necessary for an individual capacity claim. *See Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Supervisory officials are not liable in their individual capacities unless they 'either encouraged the specific incident of misconduct or in some other way directly participated in it.' ").

Plaintiff failed to supply facts in his Complaint that supported his legal conclusions regarding Defendant Bouchard's personal involvement in the alleged

deprivation of Plaintiff's rights. Thus, the Court will overrule Plaintiff's first objection.

### ii. Plaintiff wants Defendant to provide him a new medical release form and to be provided with a notary fee waiver and free paper, envelopes, and stamps due to his indigent status

In his second objection, Plaintiff requests that Defendant mail him another medical release form, and that the Michigan Department of Corrections (MDOC) provide him with free notary services and legal materials. Dkt. No. 71, p. 3 (Pg. ID 565). To the extent that Plaintiff seeks free notarization services, envelopes, stamps, or photocopies, his objection is overruled.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). *Bounds* ordered the states to provide indigent inmates with paper and pen to draft legal documents, notarial services, and stamps. *Id*. at 824–25. Michigan's Department of Corrections (MDOC) policy directives state that all facilities "shall have available a reasonable quantity of free writing materials (i.e., pencils or pens; paper) for use by prisoners." MDOC Policy Directive 05.03.118(G). Where a prisoner qualifies for indigent status, that prisoner is to be loaned the funds to purchase envelopes and the postage equivalent for mailing a maximum of ten one-ounce first class letters during each month he is on indigent status. MDOC Policy Directive 04.02.120(H). The Sixth Circuit has held that prisoners are not prevented from accessing the

courts by this policy, which allows indigent prisoners ten stamps per month to apply to uninspected, sealed letters. *Bell-Bey v. Williams*, 87 F.3d 832, 838–39 (6th Cir. 1996). Policy directives also instruct that prisoners shall have access to a notary public, for a charge of $1.00 for each document notarized. MDOC Policy Directive 05.03.116(G). Should a prisoner lack the funds to pay for the notary service, the indigent prisoner shall receive a loan from the Prisoner Benefit Fund. *Id*.

Accordingly, Plaintiff's indigence does not prevent his compliance. Plaintiff may apply to his Warden to request placement on the indigent list, so that he can secure loans to pay for notarization of documents and necessary legal materials, including envelopes and stamps.

Plaintiff's second objection is overruled in part. Defendants are ordered to provide Plaintiff with a new medical release form. Plaintiff is ordered to submit a signed and notarized copy of the medical release form within 21 days of this order.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's [71] Objections to the Magistrate's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Bouchard's [66, 67] Objections to the Magistrate's Report and Recommendation are **OVERRULED** in part and **SUSTAINED** in part.

**IT IS FURTHER ORDERED** that the Magistrate's Report and Recommendation [65] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Defendant Bouchard's Motion to Dismiss Pursuant To Rule 12(b)(6) [28] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's official capacity claim against Defendant Bouchard as to jail conditions, including allegations of vermin infestation, insufficient hygiene products, and lack of extra clothing, is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant Bouchard's Motion to Dismiss Pursuant To Rule 41(b) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant Bouchard's Motion to Compel [32] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Bouchard shall mail Plaintiff a new copy of the medical release form.

**IT IS FURTHER ORDERED** that Plaintiff shall serve to Defendant Bouchard's counsel a signed and notarized copy of the medical release within 21 days of the entry of this order, or sanctions may follow.

**IT IS SO ORDERED**.

Dated: March 30, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge