UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD DRAUGHN,

    Plaintiff,

v.

MICHAEL BOUCHARD, ET AL.,

    Defendants.

_____/

Case No. 15-cv-14446

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE DAVIS'S JUNE 23, 2017 ORDER [92] AND OVERRULING PLAINTIFF'S OBJECTIONS [93]**

**I. INTRODUCTION**

This matter came before the Court on Plaintiff's July 10, 2017 objections, Dkt. No. 93, to Magistrate Judge Stephanie Dawkins Davis's June 23, 2017 order, Dkt. No. 92. For the reasons stated herein, the Court will **AFFIRM** Magistrate Judge Davis's order and **OVERRULE** Plaintiff's objections [93].

**II. STANDARD OF REVIEW**

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders.[1] FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). While Rule

---

[1] Although Magistrate Judge Davis mentions Rule 72(b)(2) on the final page of her order, Dkt. No. 92, p. 14 (Pg. ID 764), because the motions decided in the

72(b) provides a timeline in which a party may respond to opposing counsel's objections to a ruling on a dispositive matter, Rule 72(a) does not state that a response may be filed to objections. *Compare* FED. R. CIV. P. 72(a) *with* FED. R. CIV. P. 72(b). "When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge." E.D. Mich. LR 72.2.

As a non-dispositive matter, the review of a magistrate's discovery order is properly governed by the "clearly erroneous or contrary to law" standard of review. FED. R. CIV. P. 72(a). The United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have both held that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *U.S. Gypsum*, 333 U.S. at 395). This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538

---

order were non-dispositive, Rule 72(a) provides the appropriate standard upon which to review Plaintiff's objections.

(E.D. Mich. 2014). *See also* 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Sedgwick Ins.*, 47 F. Supp. 3d at 538 (quoting *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995)). The Court's review under the "contrary to law" standard requires the exercise of independent judgment in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)).

### III. DISCUSSION

On June 23, 2017, Magistrate Judge Davis issued an order that granted Defendants' Motion for More Definite Statement, Dkt. No. 60, granted in part and denied in part Plaintiff's Motions to Compel, Dkt. No. 68, 72, and denied Plaintiff's Fourth Motion to Appoint Counsel, Dkt. No. 70. *See* Dkt. No. 92. Plaintiff now seeks to object to the Magistrate's order on three grounds. Dkt. No.

93. Having reviewed Magistrate Judge Davis's findings, the Court holds that her order is neither clearly erroneous nor contrary to law and overrules Plaintiff's objections.

**A. Objection #1: Requiring Submission of an Amended Complaint**

Plaintiff first objects that Magistrate Judge Davis required him to submit an amended complaint that clarifies the claims Plaintiff seeks to bring and the parties against whom those claims are brought. *See* Dkt. No. 93, p. 2 (Pg. ID 767); Dkt. No. 92, pp. 3–6 (Pg. ID 753–56). Plaintiff states that the Magistrate's order is contrary to law, but does not provide a single case or citation in support of this argument. Similarly, Plaintiff argues the order is contrary to fact, but does not provide a single factual assertion that was clearly erroneous.

Having reviewed the record, the Court agrees with Magistrate Judge Davis that submission of an amended complaint would greatly improve the clarity of Plaintiff's claims. Plaintiff's original complaint contained a litany of allegations against various named and anonymous individuals, some of which were dismissed in March 2017. *See* Dkt. No. 80. Plaintiff has not amended his complaint since this partial dismissal. Accordingly, it would be in the interest of judicial efficiency to have Plaintiff clearly restate his remaining claims and the individuals against whom those claims arise in an amended complaint. Plaintiff's first objection is overruled.

**B. Objection #2: Finding Plaintiff's Requested Evidence to Be Irrelevant**

In Plaintiff's second objection, it is unclear upon what ground his objection specifically rests. It appears that Plaintiff broadly objects to not being granted all the evidence that he requested in his interrogatories. *See* Dkt. No. 93, pp. 2–3 (Pg. ID 767–68).

In Magistrate Judge Davis's order, she granted Plaintiff's Motion to Compel, Dkt. No. 68, in part, providing Plaintiff with free copies of his medical records, courtesy of Defendants. Dkt. No. 92, pp. 10–11 (Pg. ID 760–61). Magistrate Judge Davis denied Plaintiff's broader requests, namely that he be provided "copies of all degrees, certificates, and diplomas held by defendants," "copies of all assets, funds, or personal account balances possessed by defendants," copies of defendants entire employee files without any tailoring as to dates or locations, and "itemized list and/or deeds, titles, or equity in properties owned or possessed by defendants." *Id.* at 11. Magistrate Judge Davis also denied Plaintiff's request for Defendant Durocher to detail his treatment of Methicillin-resistant Staphylococcus aureus (MRSA) infections at the jail, including the number of infections and what treatment was provided.[2] *Id.* at 13.

---

[2] Plaintiff's original complaint related to the conditions at the Oakland County jail, including sleeping facilities, pest problems, and denial of certain medications. Dkt. No. 1, pp. 3–7 (Pg. ID 3–7). Plaintiff did not bring any claims related to MRSA, and accordingly discovery on this issue is not relevant to the claims remaining in this suit.

The Court has reviewed the record and agrees with Magistrate Judge Davis that Plaintiff's discovery requests exceeded the permissible scope of discovery. *See* FED. R. CIV. P. 26(b)(1). Discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. Here, the information that Plaintiff sought was and unduly burdensome because it was not tailored to his specific claims.

Plaintiff's disappointment in not receiving all the evidence he sought is understandable. However, he has failed to present any precedent establishing that Magistrate Judge Davis's order is contrary to law, or any facts in her order that were clearly erroneous. Plaintiff's second objection is overruled.

**C. Objection #3: Declining to Appoint Counsel**

Plaintiff's third and final objection argues that he will be irreparably harmed without appointment of counsel, as Magistrate Judge Davis denied Plaintiff's fourth request on this issue. *See* Dkt. No. 93, p. 3 (Pg. ID 768);

"Appointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell*

6

*National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). Rather, appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id.* at 606. "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' " *Id.*

Given Plaintiff's prolific litigation history, he appears fairly well equipped to represent himself.[3] Furthermore, Plaintiff's claims deal with fairly straightforward issues: the adequacy of the sleeping quarters at the Oakland County jail, the alleged pest infestation at the jail, and the purported jail policy of banning certain pain medications. *See* Dkt. No. 1. Such issues are neither factually complex nor legally sophisticated. Plaintiff has not demonstrated any exceptional circumstances

---

[3] Plaintiff, also known as Khalil Shabazz, has filed more than a dozen cases in this district alone. *See Draughn v. Bouchard et al.*, No. 2:15-cv-14446 (E.D. Mich. July 10, 2017) (Drain, J.) (this case); *Shabazz v. Caruso et al.*, No. 2:08-cv-10225 (E.D. Mich. July 21, 2008) (Zatkoff, J.); *Draughn v. Caruso et al.*, No. 2:07-cv-15244 (E.D. Mich. Dec. 13, 2007) (Battani, J.); *Raphael-X, et al v. Martin, et al.*, No. 2:00-cv-73005 (E.D. Mich. Sept. 24, 2007) (Hood, J.); *Shabazz v. Raines, et al.*, No. 2:98-cv-75622 (E.D. Mich. Mar. 26, 2003) (Cleland, J.); *Draughn v. McGinnis, et al.*, No. 5:96-cv-60123 (E.D. Mich. July 23, 1996) (La Plata, J.); *Draughn v. Green, et al.*, No. 2:95-cv-72939 (E.D. Mich. June 3, 1999) (Borman, J.); *Draughn v. Reeves, et al.*, No. 2:93-cv-71779 (E.D. Mich. Dec. 30, 1997) (Cohn, J.); *Draughn v. Hutchinson, et al.*, No. 2:93-cv-72068 (E.D. Mich. Oct. 22, 1996) (Borman, J.); *Draughn v. Bailey, et al.*, No. 2:93-cv-70056 (E.D. Mich. Jan. 26, 1995) (Gilmore, J.); *Draughn v. Barr, et al.*, No. 2:91-cv-76185 (E.D. Mich. June 24, 1992) (Hackett, J.); *Draughn v. Williams, et al.*, No. 2:89-cv-70659 (E.D. Mich. July 13, 1993) (Gadola, J.); *Draughn v. Jabe, et al.*, No. 2:89-cv-70185 (E.D. Mich. Oct. 28, 1991) (Duggan, J.). This does not include Plaintiff's prisoner civil rights cases filed in the United States District Court for the Western District of Michigan.

in the present case, and he similarly has not established that denial of counsel at this point in the proceedings would result in "fundamental unfairness impinging on due process rights." *See Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).

The Court finds that Magistrate Judge Davis's determination was correct. Plaintiff's third objection is overruled.

### IV. CONCLUSION

The Court has reviewed Magistrate Judge Davis's order and Plaintiff's objections, and finds there is no evidence that her determination was clearly erroneous or contrary to law.

Plaintiff was ordered to submit his Amended Complaint within 21 days of the entry of Magistrate Judge Davis's order. Dkt. No. 92, p. 6 (Pg. ID 756). Plaintiff was advised that this order and deadline have remained in full force and effect because the magistrate judge or district judge did not stay it. Dkt. No. 92, p. 14 (Pg. ID 764) (citing E.D. Mich. LR 72.2). The Court has yet to receive Plaintiff's Amended Complaint and the deadline has passed. Nevertheless, because Plaintiff is proceeding without counsel, the Court will extend the deadline for submission of his Amended Complaint.

**IT IS HEREBY ORDERED** that Plaintiff shall submit his Amended Complaint by **August 2, 2017**, or this case will be dismissed. This amendment

must comply with the terms of Magistrate Judge Davis's order. Dkt. No. 92, p. 6 (Pg. ID 756).

**IT IS FURTHER ORDERED** that Plaintiff's Objection [93] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Davis's Order [92] is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated: July 19, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge